# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN CARRILLO TREVIZO, | § | |
| | § | |
| *Petitioner-Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-00039-E |
| | § | |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; Todd Lyons, Acting Director of ICE; Pamela BONDI, U.S. Attorney General; Joshua JOHNSON, Field Office Director of Enforcement and Removal Operations, Dallas Field Office, Immigration and Customs Enforcement; Warden of Prairieland Detention Center, | § § § § § § § § § § | |
| | § | |
| *Respondent-Defendants*. | § | |

## ORDER

Before the Court is Petitioner-Plaintiff Adrian Carrillo Trevizo's Petition for a Writ of Habeas Corpus, (ECF No. 1), and corresponding Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction, (ECF No. 2). Adrian Carrillo Trevizo alleges he has been unlawfully detained and placed into removal proceedings as of November 9, 2025. (ECF No. 1 at 9). In pertinent part, Adrian Carrillo Trevizo alleges:

> 22. Petitioner, Adrian Carrillo Trevizo, is a native and citizen of Mexico. He first entered the United States in 1988.
>
> 23. Petitioner has a family and community that cares deeply for him. His three children are ages 12, 19, 20, and Petitioner and his wife are extremely involved in their children's lives.
>
> 24. Petitioner works full-time as a carpenter to support his family of five. He is the sole provider of the family.

> 25. Petitioner's criminal history is from decades ago. In 2007, he was arrested for identity theft, and in 2007, he was arrested for no driver's license. These cases have been disposed of for decades.
>
> 26. On November 9, 2025, Petitioner was detained by ICE and transferred into ICE custody without reason.
>
> 27. Since he has been in ICE custody, Petitioner has not been given the opportunity for a bond hearing.

(ECF No. 1 at 15-16). As to his injunctive remedy, Adrian Carrillo Trevizo requests the following relief:

> Petitioner seeks injunctive relief to maintain the status quo by requiring ICE to either immediately release him or promptly provide him with a bond hearing before a neutral [immigration judge]. As stated above (repeatedly), the list of district courts that have recently concluded the government's new position is plainly incorrect is a long one that is growing by the day.
> [. . . .]
> For the foregoing reasons, Petitioner respectfully requests that the Court immediately grant his petition and this motion and issue a Temporary Restraining Order and/or Preliminary Injunction ordering his immediate release from ICE custody, or in the alternative a prompt bond hearing at which the government bears the burden of demonstrating flight or safety risk by clear and convincing evidence.

(ECF No. 2 at 24-26). The Court, (i) as a part of its inherent docket control powers[1] and (ii) to ensure the prompt consideration of Petitioner-Plaintiff Adrian Carrillo Trevizo's requested relief, enters the following orders.

**IT IS ORDERED THAT:**

1. Respondent-Defendants—KRISTI NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; Todd Lyons, Acting Director of ICE; Pamela BONDI, U.S. Attorney General; Joshua JOHNSON, Field Office Director of Enforcement and Removal Operations, Dallas Field Office, Immigration and

---

[1] The Fifth Circuit has further recognized the Court's inherent power "to control its own "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" *In re Beebe*, 56 F.3d 1384 (5th Cir. 1995).

Customs Enforcement; Warden of Prairieland Detention Center—**or any officer, agent, servant, employee, attorney, or representative acting on behalf of Respondents-Defendants SHALL NOT take any further action or steps to physically deport or remove Petitioner-Plaintiff Adrian Carrillo Trevizo from the United States to another country, territory, or foreign territory, or to circumvent the provisions of this Order until <u>February 12, 2026</u>, when the Court anticipates ruling on the pending Emergency Application for Temporary Restraining Order and the underlying Petition.**

2. Respondents-Defendants shall file a notice of appearance in this action by **<u>January 19, 2025</u>**;

3. Pursuant to Federal Rule of Civil Procedure 65(b)(1), by **<u>January 19, 2025</u>**, Petitioner-Plaintiff Adrian Carrillo Trevizo must file a supplement to his TRO that (i) clearly shows the immediate and irreparable injury, loss, or damage will result before Respondents-Defendants can be heard in opposition;[2] and (ii) includes a written certification from counsel of any efforts made to give notice to Respondents-Defendants and the reasons why such notice should not be required; and

4. Counsel for Petitioner-Plaintiff Adrian Carrillo Trevizo is DIRECTED to notify the United States Attorney for the Northern District of Texas of his lawsuit and of this Order. Further, Petitioner-Plaintiff shall file a notice on the docket of this case explaining how he complied with providing notice.

(*Signature page follows*).

---

[2] The Court notes Petitioner-Plaintiff has not sought for ex-parte relief and has not verified his Petition or injunctive relief appendix.

**SO ORDERED.**

8th day of January, 2026.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE