IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN CARRILLO TREVIZO, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:26-CV-0039-E-BW |
| | § | |
| KRISTI NOEM, et al., | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Adrian Carrillo Trevizo, with the assistance of counsel, filed this habeas action under 28 U.S.C. § 2241 on January 7, 2026 (the "Petition" ("Pet;")) against five named government officials ("Respondents"). (*See* Dkt. No. 1.) He also filed an emergency motion for a temporary restraining order ("TRO") and/or preliminary injunction ("PI") (the "TRO Motion ("Mot.")"). (*See* Dkt. No. 7.) United States District Judge Ada Brown referred this habeas case to the undersigned magistrate judge for case management under 28 U.S.C. § 636(b) and Special Order 3-251. (*See* Dkt. No. 8.)

For the reasons discussed below, the undersigned recommends that Trevizo's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No. 1) be denied with prejudice, and his motion for a TRO (Dkt. No. 7) should also be denied.

**I. BACKGROUND**

Trevizo alleges the following in his petition. He is a native and citizen of Mexico who first entered the United States in 1988. (Pet. ¶ 22.) He is a devoted

husband and father to three children who are U.S. citizens. (*Id.* ¶ 1.) He works full-time as a carpenter and is the sole provider of the family. (*Id.* ¶¶ 23-24.) Trevizo's "criminal history is from decades ago. In 2007, he was arrested for identity theft, and in 2007, he was arrested for no driver's license. These cases have been disposed of for decades." (*Id.* ¶ 25.)

"On November 9, 2025, [he] was detained by ICE and transferred into ICE custody without reason." (*Id.* ¶ 26.) He has remained in ICE custody since then and has not been given the opportunity for a bond hearing. (*Id.* ¶ 27.) Trevizo is currently detained at the Prairieland Detention Center, a facility in this district. (*See* Pet. ¶ 11.) Trevizo argues that his continued detention violates the Immigration and Naturalization Act ("INA") and related regulations and the Fifth Amendment Due Process Clause. (*See id.* ¶¶ 153-161.) He seeks "injunctive relief to maintain the status quo by requiring ICE to either immediately release him or promptly provide him with a bond hearing before a neutral [immigration judge]." (Mot. at 24."

On January 8, 2026, Judge Brown issued an order directing, among other things, that Respondents file a notice of appearance by January 19, 2026, and that Trevizo file a supplement to his TRO "that (i) clearly shows the immediate and irreparable injury, loss, or damage will result before [Respondents] can be heard in opposition; and (ii) includes a written certification from counsel of any efforts made to give notice to [Respondents] and the reasons why such notice should not be

- 2 -

require." (Dkt. No. 5.) Respondents filed their notice of appearance on January 9, 2026 (Dkt. No. 6), and Trevizo filed a supplement to his TRO on Janauary 19, 2026 (Dkt. No. 8.)

On February 10, 2026, Respondents filed their response to the Petition and the TRO Motion. (Dkt. No. 9.) Trevizo has not filed a reply in the more than two months since Respondents filed their brief. Accordingly, the briefing on both the Petition and the TRO Motion is now complete.

## II. LEGAL STANDARDS AND ANALYSIS

Trevizo argues that he cannot be subject to mandatory immigration detention but, rather, is entitled to a bond hearing in immigration court (or even immediate release by order of this Court). At the time Trevizo filed his petition, there was a split among courts as to whether § 1225 applies to aliens such as Trevizo, or whether § 1226 instead controls (and mandates a bond hearing). The Fifth Circuit, however, has since held that § 1225 applies to aliens who are present in the country without lawful admission, thereby upholding the government's mandatory-detention policy under Section 1225. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494. 498 (5th Cir. 2026).

The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding

under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and based thereon concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo v. Noem*, No. 1:25-CV-177-H, 2026 WL 81679, at *5 (N.D. Tex. Jan. 9, 2026)).

## A.    TRO Motion

The undersigned first recommends that the Court deny Trevizo's TRO Motion because it seeks the same relief as the Petition—his immediate release or an order that he be promptly provided with a bond hearing before an immigration judge.

"The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Canal Auth. of State of Fl. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974) (cleaned up). Therefore, the decision on a motion seeking a TRO or PI does "not amount to a ruling on the merits" of a plaintiff's claims, *Jonibach Mgmt. Trust v. Wartburg Enters., Inc.*, 750 F.3d 486, 491 (5th Cir. 2014), considering that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits" and "may be challenged at a later stage of the proceedings," *id.* (cleaned up).

- 4 -

In short, a TRO or PI is not a device "to give a plaintiff the ultimate relief he seeks" through his claims. *Peters v. Davis*, No. 6:17-cv-595, 2018 WL 11463602, at *2 (E.D. Tex. Mar. 28, 2018); *accord Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("This Court has repeatedly recognized that the purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."); *Kane v. De Blasio*, 19 F.4th 152, 163 (2d Cir. 2021) ("The purpose of a preliminary injunction is not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo by preventing during the pendency of the suit the occurrence of that irreparable sort of harm which the movant fears will occur." (cleaned up)). Thus, a motion or application for a TRO or PI is properly denied when it is no more than a "motion to win."

"Specifically, a court cannot render ultimate relief sought in a habeas petition—releasing a detainee—in the form of a preliminary injunction or TRO." *Saechao v. Noem*, 2026 WL 602783, at *1 (citations omitted); *accord Cano Alvarez v. S. La. Processing Ctr.*, No. 26-696, 2026 WL 660752, at *1 (W.D. La. Mar. 9, 2026) ("The Petitioner's request for immediate release is improper because one cannot skip the line by dressing a habeas petition in TRO clothes." (citations omitted)). Accordingly, the Court should deny the TRO Motion. (Dkt. No. 2.)

B.      **Petition for Writ of Habeas Corpus**

Relief under a writ of habeas corpus is available to a person held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).  "Habeas exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.'" *Nogales v. Dep't of Homeland Sec.*, 524 F. Supp. 3d 538, 543 (N.D. Tex. 2021) (quoting *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976)).

Because, according to Fifth Circuit precedent, Trevizo is properly detained on a mandatory basis as an alien present in the United States without inspection or parole (i.e., as someone who entered the country illegally) under the INA, his arguments that his detention should be characterized as arising under § 1226 are foreclosed.  *See* 8 U.S.C. § 1225(b)(2); *see also Matter of Yajure-Hurtado*, 29 I. & N. Dec. 216 (BIA 2025); *Buenrostro-Mendez*, 166 F.4th at 498.  But, as courts in this circuit have found, *Buenrostro-Mendez* "does not preclude [the] Court's consideration of constitutional claims raised in [a] habeas action." *Longoria Mendoza v. Noem*, ___ F. Supp. 3d ___, No. 5:26-cv-728-JKP, 2026 WL 809441, at *5 (W.D. Tex. Feb. 26, 2026); *accord Cerda-Espinosa v. Bondi*, No. SA-26-CA-819-XR, 2026 WL 754841, at *14 (W.D. Tex. Mar. 13, 2026) ("Multiple district courts within the Fifth Circuit have held that *Buenrostro-Mendez* has no bearing on whether habeas petitioners are being detained in violation of their constitutional right to procedural due process."

(collecting cases)).  Thus, while Trevizo's statutory claim that he was misclassified under Section 1225(b) instead of Section 1226(a) is barred by *Buenrostro-Mendez*, his constitutional claim is not.  (*See* Pet. ¶¶ 156-59.)

Upon careful review of the Petition, the undersigned finds that Trevizo's scant and unreasoned due process arguments fail.  Trevizo's 74-page petition is rife with quoted material from various statutes and cases but ultimately contains little more than "labels and conclusions" and "formulaic recitation[s] of the elements of a [due process] cause of action," which is insufficient to support his claim for relief.  *Bell Atlantic Corp. v. Twombly*, 550, 555 U.S. 544 (2007).  No theory of due process—whether "substantive" or "procedural" in nature—supports Trevizo's case.

The doctrine of substantive due process, protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'"  *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)).  The Fifth Amendment entitles aliens to due process of law in deportation proceedings."  *Denmore v. Kim*, 538 U.S. 510, 523 (2003) (cleaned up).  Yet there is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens."  *Muñoz*, 602 U.S. at 911–12.  So, "Congress regularly makes rules that would be unacceptable if applied to citizens."  *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

Furthermore, the Supreme Court has expressly endorsed the constitutionality of an alien's detention during removal proceedings. *See Denmore*, 538 U.S. at 523 (holding that "detention during deportation proceedings" is a "constitutionally valid aspect of the deportation process."). The Fifth Circuit has held that the INA's mandatory detention provision applies to aliens such as Trevizo. *Buenrostro-Mendez*, 166 F.4th at 498. Under that framework, any "notion that substantive due process requires a bond hearing is untenable." *Diaz Patino v. Villegas*, No. 1:25-CV-276-H, 2026 WL 673166, at *3 (N.D. Tex., Mar. 9, 2026). Accordingly, Trevizo's substantive due process rights are not offended by his detention pending his removal proceedings. *See, e.g.*, *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026).

Any procedural due process claim is similarly foreclosed as Trevizo has "only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also id.* at 139 ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative." (cleaned up)). In 8 U.S.C § 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. And an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166

F.4th at 498.  Therefore, because Respondents provided Trevizo with the process to which he was due under Section 1225, his procedural due process claim fails.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Court **DENY** Trevizo's habeas petition (Dkt. No. 1) and **DENY** his motion for a TRO (Dkt. No. 7).

**SO RECOMMENDED** on April 30, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## NOTICE OF RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).